07-2963-cv
Burch v. Pioneer Credit Recovery, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Submitted:  November 21, 2008          Decided: December 22, 2008)

Docket No. 07-2963-cv

_____

STEWART BURCH,

*Plaintiff-Appellant*,

– v. –

PIONEER CREDIT RECOVERY, INC.,

*Defendant-Appellee.*

_____

Before: McLAUGHLIN, CALABRESI, LIVINGSTON, *Circuit Judges.*

_____

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*) dismissing Plaintiff-Appellant Stewart Burch's claim that his former employer, Defendant-Appellee Pioneer Credit Recovery, Inc., violated the Privacy Act, 5 U.S.C. § 552a, by photocopying and otherwise impermissibly handling his security clearance package. We hold that Burch has not pled factual allegations sufficient to make a plausible claim that his employer was a "Government controlled corporation," 5 U.S.C. § 552(f), and therefore fails to state a cause of action under the Privacy Act.  Accordingly, the judgment of the District Court dismissing Burch's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is AFFIRMED.

_____

1

CHRISTINA A. AGOLA, Esq., Rochester, N.Y., *for Plaintiff-Appellant*.

JAMES R. GRASSO, Phillips Lytle LLP, Buffalo, N.Y., *for Defendant-Appellee*.

_____

PER CURIAM**:**

Plaintiff-Appellant Stewart Burch, a former employee of Defendant-Appellee Pioneer Recovery, Inc. ("Pioneer"), appeals the decision of the United States District Court for the Western District of New York (Telesca, *J.*) granting Pioneer's Rule 12(b)(6) motion to dismiss Burch's Privacy Act claim and dismissing Burch's motion for additional discovery and to amend his Complaint.[1] Pioneer is a third-party debt collection agency that provides collection services for a number of public and private clients, including three federal agencies — the Internal Revenue Service ("IRS"), the U.S. Department of Education ("DOE"), and the U.S. Treasury Department ("USTD"). In accordance with Pioneer's contracts with these agencies, Pioneer was required to have employees who were to work on these accounts, including Burch, complete security clearance packages. In October 2006, Burch brought a suit claiming, *inter alia*, that Pioneer was photocopying his security clearance packages, keeping a permanent record of them in his personnel file, and otherwise mishandling his private and personal information in violation of the Privacy Act, 5 U.S.C. § 552a. On appeal, he contends that his Privacy Act claim should not have been dismissed because (1) Pioneer was a "Government controlled corporation" and thus subject to the terms of the Privacy Act; (2) he should have been allowed further discovery to

_____

[1] After dismissing Burch's Privacy Act claim, the District Court declined to exercise jurisdiction over Burch's state tort claim. Therefore, all of Burch's claims were dismissed by the District Court; the state claim without prejudice.

2

defend against the Rule 12(b)(6) motion; and (3) he should have been allowed to amend his Complaint. We consider these issues in turn, recognizing that this Court has not yet had the opportunity to interpret the particular issue of when a corporation is considered "Government controlled" for purposes of the Privacy Act.

This Court reviews the grant of a motion to dismiss under Rule 12(b)(6) *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). After "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *id.*, we will affirm only if the plaintiff fails to provide factual allegations sufficient "'to raise a right to relief above the speculative level.'" *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). That said, a plaintiff's pleading obligation still "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965. Reviewing Burch's claims under this standard, we find that they lack merit.

The Privacy Act provides that "[w]henever any *agency*" fails to comply with any provision of the statute, "the individual may bring a civil action against the *agency*." 5 U.S.C. § 552a(g)(1) (emphasis added). This Court, joining many of its sister Circuits, has accordingly held that the private right of civil action created by the Privacy Act is specifically limited to actions against agencies of the United States government. *See Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005); *see also Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) ("The civil remedy provisions of the [Privacy Act] do not apply against private individuals, state agencies, private entitles, or state and local officials." (citations omitted)). The question, then, is whether Pioneer is an "agency" of the United States government under the Privacy Act.

3

The Privacy Act defines "agency" by referencing 5 U.S.C. § 552(f) of the Freedom of Information Act, 5 U.S.C. § 552a(a)(1),[2] which states that the term "agency"

> includes any executive department, military department, Government corporation, *Government controlled corporation*, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

(emphasis added). There is no clear definition of what makes a corporation "Government controlled" for the purposes of 5 U.S.C. § 552(f). In fact, many courts have resisted defining the term after recognizing that "any general definition (of the term agency) can be of only limited utility to a court confronted with one of the myriad organizational arrangements for getting the business of the government done. . . . The unavoidable fact is that each new arrangement must be examined anew and in its own context." *Pub. Citizen Health Research Group v. Dep't of Health, Educ. & Welfare*, 668 F.2d 537, 542 (D.C. Cir. 1981) (alteration in the original) (internal quotation marks omitted); *see also Irwin Mem'l Blood Bank of San Francisco Med. Soc'y v. Am. Nat'l Red Cross*, 640 F.2d 1051, 1054 (9th Cir. 1981) (finding that "each arrangement must be examined in its own context" and that the "vast diversity of organizational arrangements undermines the precedential value of prior decisions").

In this case, Burch only references a few weak connections between Pioneer and the federal government. He argues that Pioneer is "Government controlled" because it has contracts with federal agencies. Under these contracts, Burch notes that Pioneer must have its employees file security clearances and make its records available to the contracting federal agencies. He

---

[2] § 552a(a)(1) actually references 5 U.S.C. § 552(e). We consider this cross-reference to be erroneous, however, as § 552(e) contains no definition of the term "agency," § 552(f) does contain such a definition, and the definition now in § 552(f) was found in § 552(e) prior to the 1986 renumbering of § 552. *See* Freedom of Information Reform Act of 1989, Pub. L. No. 99-570, tit. I, subtit. N, § 1802(b), 100 Stat. 3207-48, 3207-49. As a result, we conclude that § 522(f) provides the correct definition of the term "agency."

also suggests that pursuant to these contracts, Pioneer performs a government function, though he does not support — and we do not credit — his contention that debt-collection is traditionally performed by a state actor.[3] These allegations do not amount to a sufficient level of oversight, supervision, and government connection to lead us to believe that Pioneer should be considered an "agency." *See, e.g.*, *Forsham v. Harris*, 445 U.S. 169, 180 & n.11 (1980) (explaining that "[b]efore characterizing an entity as 'federal' for some purpose, [there is] a threshold showing of substantial federal supervision of the private activities, and not just the exercise of regulatory authority necessary to assure compliance with the goals of the federal grant," because receipt of federal funds does not "convert private acts to governmental acts absent extensive, detailed, and virtually day-to-day supervision"); *Ehm v. Nat'l R.R. Passenger Corp.,* 732 F.2d 1250, 1255 (5th Cir. 1984) (finding, in part, because "Amtrak's day-to-day operations are not subject to close government supervision," Amtrak was not a government controlled corporation even though the federal government appoints six members of its board of directors and Amtrak is financially accountable to the government); *Irwin Mem'l Blood Bank*, 640 F.2d at 1056-57 (holding that the Red Cross is not a "Government controlled corporation" in part because "government officials do

---

[3] Burch also contends that, pursuant to 48 C.F.R. §§ 24.104 and 52.224-2, Pioneer is subject to civil liability for violations of the Privacy Act because it is a contractor engaged in the operation of a system of records to accomplish an agency function whose contracts with government agencies must contain provisions making it liable for such violations. Regardless of whether Pioneer is in fact such a contractor or whether its contracts with the agencies named above do include such provisions, this argument is unavailing. The contractual provisions required by these regulations may, as a result of Pioneer's alleged violations of the Privacy Act, subject Pioneer and its employees to criminal liability and the named agencies to civil liabilities, but they do not subject Pioneer itself to civil liability. *See* 48 C.F.R. § 24.104 (requiring the inclusion of the provisions specified in 48 C.F.R. § 52.224-2 in all contracts between agencies and the contractors described above); 48 C.F.R. § 52.224-4 ("[A] civil action may be brought against the *agency* involved . . . and criminal penalties may be imposed upon the officers or employees of the agency. . . . [T]he Contractor and any employee of the Contractor is considered to be an employee of the agency." (emphasis added)).

not direct the everyday affairs of the Red Cross"). Accordingly, we find that the District Court did not err in dismissing Burch's Complaint for failure to state a claim.

Burch's second and third claims can be dealt with summarily, as they do not raise new issues for this Court. Burch maintains that the District Court erred in refusing to allow him to conduct discovery to defend against Pioneer's Rule 12(b)(6) motion. Burch has not put forth any plausible reason for us to believe that the District Court abused its "broad discretion to direct and manage the pre-trial discovery process," *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004), and we decline to second-guess its decision. Lastly, Burch argues that the District Court should have allowed him to amend his Complaint in response to Pioneer's motion to dismiss, a ruling that we also review for abuse of discretion. *See Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999). While Federal Rule of Civil Procedure 15(a) states that leave to amend should be granted "when justice so requires," motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because Burch's proffered amendments would not affect the Court's analysis as to whether Pioneer was a "Government controlled corporation," his amendment would be futile.

We have carefully considered all of Appellant's claims, and we find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.