*538 SUMMARY ORDER
Plaintiffs appellants Gerald K. Smith, litigation trustee of Farmland Dairies LLC Litigation Trust (“Farmland”), and Peter G. Pappas, plan administrator of the Plan of Liquidation of Parmalat-USA Corporation (“Parmalat USA”) (jointly, “plaintiffs”), appeal August 28, 2007 and September 5, 2007 judgments of the District Court dismissing their suits against defendant banks and accounting firms. Both Farmland and Parmalat USA are bankrupt subsidiaries of international dairy conglomerate Parmalat S.p.A., which filed for bankruptcy in Italy in 2003. Plaintiffs’ numerous claims against defendants are substantially the same. The only relevant difference between the two suits is that the operative complaint in Smith v. Bank of America, 06 Civ. 0383 (S.D.N.Y.), named Banca Intesa as a defendant and asserted a cause of action against certain other defendants for aiding and abetting a fraudulent conveyance, while the complaint in Pappas v. Bank of America, 06 Civ. 3109 (S.D.N.Y), did not. Our decision, like the judgments and orders of the District Court, applies to both causes.
On appeal, plaintiffs argue that the District Court erred in applying the pleading standards of Federal Rules of Civil Procedure 8 and 9(b) to dismiss their Second Amended Complaint (“SAC”). They contend further that the District Court erred in holding that their SAC did not adequately plead (1) an injury proximately caused by GT Italy or Deloitte Italy, (2) an injury proximately caused by defendant banks, (3) fraudulent intent on the part of Deloitte USA, (4) Deloitte USA’s vicarious liability for Deloitte Italy’s actions, or (5) damages as a result of any defendant’s misconduct. Finally, they argue that the District Court abused its discretion in not granting plaintiffs leave to file a Third Amended Complaint. We assume the parties’ familiarity with the facts and procedural history of this case.
We review de novo the District Court’s grant of defendants’ motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 124 (2d Cir. 2008). We construe plaintiffs’ complaints liberally, “accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiffs favor.” Id. We may affirm the District Court only if the plaintiff fails to provide factual allegations sufficient “ ‘to raise a right to relief above the speculative level.’ ” Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).
We agree with Judge Kaplan that, as plaintiffs have failed to allege that “any of the defendants, with the exception of Deloitte USA, had any connection to [Farmland or Parmalat USA] or even knew about, assisted, or otherwise participated in” the allegedly fraudulent transactions at issue, “let alone the looting of the proceeds” from those transactions by Parmalat officers. In re Parmalat Sec. Litig., 501 F.Supp.2d 560, 579 (S.D.N.Y.2007). The District Court correctly concluded that plaintiffs failed to allege that any of Deloitte’s member firms acted as an agent of, or a joint venturer with, Deloitte USA. See id. at 591. We agree that “[a]s plaintiffs have failed adequately to allege Deloitte USA’s knowledge that Parmalat insiders were committing fraud, they have failed to allege that it was reasonably foreseeable to Deloitte USA that its conduct eventually would result in the looting of Farmland’s assets.” Id. We therefore hold that the District Court properly dismissed plaintiffs’ claims against each defendant.
Finally, we turn to plaintiffs’ contention that the District Court erred in denying their motions to file a Third Amended Complaint. Rule 15(a) of the Federal *539 Rules of Civil Procedure states that “leave [to amend] shall be freely given when justice requires.” We review the District Court’s decision to deny plaintiffs’ leave to amend their complaints for abuse of discretion. See, e.g., McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir.2007). “A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.” Id.
We agree with Judge Kaplan that the problems with the SAC “should have been apparent to plaintiffs even before they filed their original complaints.” In re Parmalat Sec. Litig., l:04-md-01653-LAKHBP, slip order at 3 (S.D.N.Y. Sept. 4, 2007). We also agree that “this [was] an exceptionally complex multidistrict proceeding. These plaintiffs, with their unjustifiably verbose pleadings, ... contributed more than their share to its extraordinary cost and burden.” Id. We therefore hold that the District Court properly denied plaintiffs an opportunity to file a Third Amended Complaints in these “dubious cases.” Id.
Accordingly, the August 23, 2007 and September 5, 2007 judgments of the District Court are AFFIRMED, substantially for the reasons stated by Judge Kaplan in his careful and thoughtful opinion of August 8, 2007, see In re Parmalat Sec. Litig., 501 F.Supp.2d 560 (S.D.N.Y.2007), and his memorandum and order of September 4, 2007, see In re Parmalat Sec. Litig., l:04-md-01653-LAK-HBP (S.D.N.Y. Sept. 4, 2007).