SUMMARY ORDER
Plaintiffs-appellants challenge a May 28, 2008 judgment of the District Court dismissing with prejudice their claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (“1933 Act”), see 15 U.S.C. §§ 77k, 771(a)(2), and 77o, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (“1934 Act”), see 15 U.S.C. §§ 78j(b) and 78t(a), against defendant-appellee Sea Containers Ltd. and certain of its officers. On appeal, plaintiffs contend that the District Court erred in holding that (1) their claims under Section 10(b) of the 1934 Act failed to allege facts giving rise to a strong inference of scien-ter, (2) their claims under Section 11 of the 1933 Act did not satisfy the pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure, and (3) plaintiffs did not establish their standing to pursue claims under Section 12(a)(2) of the 1933 Act. We assume the parties’ familiarity with the facts and procedural history of this case.
We review de novo the District Court’s grant of defendants’ motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Burch v. Pioneer Credit *16 Recovery, Inc., 551 F.3d 122, 124 (2d Cir.2008). We construe plaintiffs’ complaint liberally, “accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff[s’] favor.” Id. (internal quotation marks omitted). We may affirm the District Court only if the plaintiffs fail to provide factual allegations sufficient “ ‘to raise a right to relief above the speculative level.’ ” Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir.2008), cert. denied - U.S. -, 128 S.Ct. 2964, 171 L.Ed.2d 906 (2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
“Securities fraud claims are subject to heightened pleading requirements that the plaintiff must meet to survive a motion to dismiss.” ATSI Commc’ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir.2007). In order to state a claim under Section 10(b) of the 1934 Act, a plaintiff must “state with particularity facts giving rise to a strong inference of that the defendants acted with [of fraudulent intent].” 15 U.S.C. § 78u-4(b)(2); Press v. Quick & Reilly, 218 F.3d 121, 130 (2d Cir.2000). Specifically, a plaintiff must “alleg[e] facts (1) showing that the defendant had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness.” ATSI Commc’ns Inc., 493 F.3d at 99. In this case, plaintiffs’ cursory allegations that defendants failed to record accurately on the company’s balance sheet the value of certain assets and other alleged departures from Generally Accepted Accounting Principals (“GAAP”) establish neither defendants’ motive and opportunity nor strong circumstantial evidence of conscious behavior or recklessness. See Chill v. Gen. Elec. Co., 101 F.3d 263, 270 (2d Cir.1996) (noting that citation to “GAAP provisions and SEC regulations” without providing “legal support for [the] contention that violations of these provisions are adequate proof of recklessness ... [is] not sufficient to state a securities fraud claim”).
We agree with the District Court that plaintiffs’ claim under Section 11 of the 1933 Act is premised on allegations of fraud and is therefore subject to the heightened pleading standard of Rule 9(b) of the Federal Civil Procedure. Rombach v. Chang, 355 F.3d 164, 171 (2d Cir.2004) (“[T]he heightened pleading standard of Rule 9(b) applies to Section 11 ... claims insofar as the claims are premised on allegations of fraud.”). Under Rule 9(b), .a party alleging fraud must “state with particularity the circumstances constituting fraud or mistake.” Fed.R.CivP. 9(b). Here, plaintiffs’ Section 11 claim relies on the same factual allegations that served as a basis for their Section 10(b) claim. Because those allegations do not state with sufficient particularity the fraud alleged, the District Court properly dismissed plaintiffs’ Section 11 claim.
Finally, we hold that the District Court did not err in determining that plaintiffs failed to establish their standing to sue defendants under Section 12(a)(2) of the 1933 Act. The Supreme Court has held that claims under Section 12(a)(2) may be brought by those who have purchased securities in “initial public offerings” but not by those who purchased securities in a “secondary market.” Gustafson v. Alloyd Co., 513 U.S. 561, 571, 573, 578, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) (recognizing that “[t]he intent of Congress and the design of the statute' require that § 12[ (a) ](2) liability be limited to public offerings”). In this case, plaintiffs failed to alleged that they purchased the securities at issue in an initial public offering. Moreover, attached to plaintiffs’ complaint were certifications confirming that they acquired the securities in a secondary mar *17 ket. We need not consider here whether a plaintiff may ever have a Section 12(a)(2) claim based on an aftermarket purchase. Compare Feiner v. SS & C Techs., 47 F.Supp.2d 250, 253 (D.Conn.1999) (arguing that Section 12(a)(2) may “extend[] to aftermarket trading of a publicly offered security, so long as ... delivery of a prospectus [is] required under the statutory and regulatory framework”) with In re WorldCom, Inc. Sec. Litig., Nos. 02 Civ. 3288, 03 Civ. 9499, 2004 WL 1435356, at *5 (S.D.N.Y June 28, 2004) (stating that “[t]he Feiner analysis is not persuasive”). Plaintiffs have failed to allege that they purchased securities under circumstances requiring the delivery of a prospectus and therefore fail to state a claim even under Feiner* s reasoning.
Accordingly, the May 28, 2008 judgment of the District Court is AFFIRMED, substantially for the reasons stated by Judge Berman in his careful and thoughtful order of May 15, 2008.