SUMMARY ORDER

Appellant Frank Schwamborn, pro se and incarcerated, appeals the district court’s grant of the Defendants’ motions to dismiss his 42 U.S.C. §§ 1983 and 1985 complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim. Schwamborn also appeals the district court’s denial of his motion to amend his complaint. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
*635 We review de novo the district court’s dismissal of a complaint for lack of subject matter jurisdiction. Scherer v. Equitable Life Assurance Soc’y, 347 F.3d 394, 397 (2d Cir.2003). Similarly, we review de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002). Finally, we review the denial of a motion for leave to amend a complaint for abuse of discretion. See Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir.2008) (per curiam).
As to the district court’s subject matter jurisdiction rulings in favor of the federal defendants, we find no error and affirm substantially for the reasons set forth in the district court’s opinion. As to the federal and state defendants’ motions to dismiss for failure to state a claim, our review of Schwamborn’s complaint indicates that, even if read generously, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir.2009) (noting that pro se complaints should be liberally construed), he has failed to plead the factual support required to sustain any of his claims. A complaint must contain sufficient factual content to allow the district court “to draw the reasonable inference that the defendant[s] [were] liable for the misconduct alleged.” Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (a complaint must plead “enough facts to state a claim to relief that is plausible on its face”). Accordingly, the district court properly determined that Schwamborn failed to state a claim upon which relief could be granted, and we affirm the district court’s judgment on that basis.
Schwamborn’s argument that the district court erred by denying his motion to amend his complaint is unavailing, because he fails to present any evidence that this decision was an abuse of discretion. Although leave to amend a complaint, particularly one of a pro se litigant, should be liberally granted, see Davis v. Goord, 320 F.3d 346, 352 (2d Cir.2003), “where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.” Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir.1999). Schwamborn’s proposed amended complaint merely restates the claims in his earlier complaint, without remedying its prior jurisdictional and factual inadequacies, and adds equally unsupported claims against new defendants. “Where ... there is no merit in the proposed amendments, leave to amend should be denied.” Lucente v. Int’l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir.2002) (quoting Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir.1990)) (internal quotation marks and alterations omitted).
We have considered all of Schwamborn’s remaining claims of error and determined them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.