09-2365-cv
Burke v. Acosta

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of May, two thousand ten.

PRESENT:
>     JON O. NEWMAN,
>     JOHN M. WALKER, JR.,
>     GERARD E. LYNCH,
>         *Circuit Judges*.

_____

Brian Burke,

>        *Plaintiff-Appellant*,

>        v.                                                No. 09-2365-cv

Solomon Acosta, Fascore/Great West, MTA/NYC Transit Authority,

>        *Defendants-Appellees*.

_____

FOR APPELLANT:                        Brian Burke, *pro se*, New York, New York.

FOR APPELLEES FASCORE/
GREAT WEST:                           Virginia Shea (Michael J. Zaretsky, *on the brief*), Chorpenning, Good, Carlet & Garrison New York, New York.

FOR APPELLEES MTA/NYC
TRANSIT AUTHORITY:                    Ching Wah Chin, Associate Counsel, *for*
James B. Henly, General Counsel for the
Metropolitan Transportation Authority, New
York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Brian Burke, *pro se*, appeals from the district court's April 2009 judgment dismissing his complaint. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

As an initial matter, "we construe notices of appeal liberally, taking the parties' intentions into account." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 65 (2d Cir. 2008) (internal quotation marks omitted). Here, we liberally construe Burke's *pro se* notice of appeal to request review of the following district court orders: the August 2008 order granting the Defendants-Appellees' motions to dismiss Burke's amended complaint, the March 2009 order denying Burke's motions for leave to file second and third amended complaints, and the April 2009 order denying both Burke's motion for reconsideration of the March 2009 order and his motion for leave to file a fourth amended complaint. However, we do not infer from Burke's notice of appeal, which indicates that he appeals the April 2009 judgment, any intent to appeal the district court's subsequent May 2009 denial of Burke's second motion for reconsideration. *See id.* at 65-66 ("[O]ur appellate jurisdiction depends on whether the intent to appeal from a decision is clear on the face of, or can be inferred from, the notice[] of appeal.") (internal quotation marks and brackets

2

omitted).

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted, construing the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), quoting *Twombly*, 550 U.S. at 555, 557 (citation and brackets omitted). Although all factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*. In determining whether a complaint satisfies the plausibility standard, we construe *pro se* submissions liberally. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Shomo*, 579 F.3d at 183.

Here, the district court's August 2008 order properly determined that Burke failed to state a plausible federal claim in his first amended complaint, because although he provided numerous "labels and conclusions," he made insufficient factual allegations to state a plausible claim. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

The district court identified potential federal claims that Burke might raise in an amended complaint, and the court stayed its order to permit mediation to take place. After mediation failed, Burke moved to file a second and third amended complaint, but he again failed to allege facts sufficient to state a plausible federal claim and failed to establish

3

complete diversity of the parties, as required for diversity jurisdiction. Accordingly, in its March 2009 order, the district court did not abuse its discretion in denying Burke's motions for leave to amend his complaint. *See Starr v. Sony BMG Music Enter.*, 592 F.3d 314, 321 (2d Cir. 2010) ("We review the denial of leave to amend a complaint for abuse of discretion . . . .").[1]

The district court did not abuse its discretion in its April 2009 order denying Burke's motion for reconsideration of the March 2009 order, because Burke failed to "point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003). Nor did the district court abuse its discretion in denying Burke leave to file a fourth amended complaint, given that the proposed complaint was "merely [a] recycled version[]" of the previously proposed amended complaints. *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007). Moreover, the district court properly denied Burke leave to amend because amendment would have been futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

---

[1] Burke's Title VII claims merit some discussion. His amended complaint only vaguely referred to a Title VII claim. Honoring its obligation to construe *pro se* complaints broadly, the district court identified this possible claim and suggested that Burke make his intentions clearer. Along with his proposed Second Amended Complaint ("SAC"), Burke attached a right to sue letter showing he had exhausted his administrative remedies and that he was authorized to sue, inter alia, the New York City Transportation Authority ("NYCTA"). Construed liberally, the SAC and the proposed Third Amended Complaint alleged that FASCore/Great West, Acosta and Zagajeski violated Title VII, but the amended complaints did not clarify whether any Title VII retaliation claim was directed at the NYCTA. The district court's March 2009 Order correctly dismissed Title VII claims against FASCore/ Great West, Acosta, and Zagajeski. In light of the district court's specific instruction to Burke to clarify whether he intended to bring such a claim against the NYCTA, Burke's failure to do so waives any such claim.

On appeal, Burke primarily argues that the Defendants-Appellees breached one or more contracts.  However, having found no basis for subject matter jurisdiction, the district court's April 2009 order properly declined to exercise supplemental jurisdiction over Burke's state law claims.  *See* 28 U.S.C. § 1367; *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 304-05 (2d Cir. 2003).

We have reviewed Burke's remaining arguments on appeal, including his challenge to the constitutionality of motions to dismiss, and conclude that they are without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk