09-4406-cv
RxUSA Wholesale, Inc. v. Alcon Laboratories, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand ten.

Present:
   ROBERT A. KATZMANN,
   PETER W. HALL,
     *Circuit Judges*.[*]

---

RXUSA WHOLESALE INC.,

   *Plaintiff-Appellant*,

     v.           No. 09-4406-cv

ALCON LABORATORIES, *et al.*,

   *Defendants-Appellees*.

---

For Plaintiff-Appellant:     MICHAEL L. LEVINE, Levine & Associates, P.C.,
              Scarsdale, NY

---

[*] The Honorable Paul G. Gardephe, originally a member of the panel, recused himself from consideration of this matter. The remaining members of the panel, who are in agreement, have decided the case pursuant to 2d Cir. IOP E(b).

For Defendants-Appellees:    ROBERT A. MILNE (Martin M. Toto, Bryan D. Gant, *on the brief*), White & Case LLP, New York, NY**
                                               *for Manufacturer Appellees*.

                                  MARK A. ROBERTSON, Fulbright & Jaworski L.L.P., New York, NY
                                               *for Wholesaler Appellees*.

                                  TERRENCE J. CONNOLY (Joseph M. Salama, *on the brief*), Latham & Watkins LLP, New York, NY
                                               *for McKesson Corporation*.


Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-appellant RxUSA, Inc. appeals from a judgment entered September 24, 2009 (Hurley, *J.*), granting defendants-appellants' motion to dismiss. RxUSA is a secondary wholesaler of pharmaceutical products and alleges that by refusing to sell pharmaceutical products to it the Manufacturer and Authorized Wholesaler defendants violated Sections 1 and 2 of the Sherman Act. On appeal, RxUSA argues that the district court incorrectly dismissed RxUSA's claims under the Sherman Act, and abused its discretion in denying RxUSA leave to amend its complaint. We assume the parties' familiarity with the facts and procedural history of this case.

Largely for the reasons stated by the district court in its comprehensive opinion, we affirm. RxUSA's Section 1 claim against the Manufacturers fails because RxUSA's assertion of

---

** Because of the large number of law firms and attorneys representing defendants in this case, the full list of attorneys and law firms is not listed here. A comprehensive list of all parties and attorneys involved in this litigation can be found on the public docket for this case.

an agreement among the Manufacturers is entirely conclusory and RxUSA does not place its allegations of parallel conduct in a context that suggests a prior agreement. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The only evidence RxUSA points to as suggesting a prior agreement is RxUSA's contention that the reason several of the Manufacturers gave for refusing to sell to RxUSA—that they had adequate distribution networks—was a lie. The mere fact that RxUSA could not obtain all of the pharmaceuticals that it desired to sell, however, does not demonstrate that the Manufacturers did not have adequate distribution networks. Likewise, RxUSA's Section 1 claim against the Authorized Wholesalers fails because RxUSA's allegation of an agreement is entirely conclusory, and the alleged parallel activities of the Authorized Wholesalers, "when viewed in light of common economic experience," could "just as well be independent action." *Id.* at 556-57. As competitors of RxUSA in the wholesale pharmaceutical products market, each Authorized Wholesaler faced independent incentives not to sell to RxUSA.

RxUSA's Section 2 claims also fail for the reasons stated by the district court. A refusal to deal with competitors does not constitute anticompetitive conduct in violation of Section 2 except in limited circumstances not present here with respect to either the Manufacturers or Authorized Wholesalers. *See Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407-09 (2004). RxUSA's Section 2 claims against the Authorized Wholesalers and defendant McKesson fail for the additional reason that RxUSA has not alleged that any individual Authorized Wholesaler has a monopoly, *see H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1018 (2d Cir. 1989), and its allegations of a "shared monopoly" under Section 2 merely repeat its failed arguments under Section 1, *see FLM Collision Parts,*

*Inc. v. Ford Motor Co.*, 543 F.2d 1019, 1030 (2d Cir. 1976). Further, to the extent that such a claim is viable, RxUSA's essential facilities claim fails against the Manufacturers, at the very least because RxUSA is able to obtain pharmaceutical products from other sources, albeit at a higher price.

Finally, the district court did not abuse its discretion in denying RxUSA leave to amend its complaint. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 242 (2d Cir. 2007). RxUSA did not seek leave to amend its complaint in the district court, *see Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1132 (2d Cir. 1994) ("[W]e do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought."), and we conclude that any amendment would be futile, *see, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (concluding that where a plaintiff's proffered amendments would not affect the Court's analysis, amending the complaint would be futile). We have reviewed RxUSA's remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-4-