12-952-cv (L)
Sissel v. Klimley and Palermo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 3rd day of June, two thousand thirteen.

Present:        GUIDO CALABRESI,
                ROSEMARY S. POOLER,
                REENA RAGGI,
                        *Circuit Judges.*

_____

D. KENT SISSEL, TIMOTHY SISSEL, AMANDA WHITE, THEO M. SIERING, LILA G. SIERING, CHELSEA A. OETER, DARLENE OETER, DARIN L. OETER, HERMAN C. BAKER, IRA, WILTON SAVINGS BANK, CUSTODIAN, JOAN M. BAKER, IRA, WILTON SAVINGS BANK, CUSTODIAN, RENEE BAKER, IRA LIBERTY TRUST SAVINGS BANK, CUSTODIAN, JAMES E. ARROWOOD, ROTH IRA WILTON SAVINGS BANK, CUSTODIAN, REGEANA K. ARROWWOOD, ROTH IRA WILTON SAVINGS BANK, CUSTODIAN, JAY D. TIECKE, MARAGARET A. TIECKE, BETH R. KIN MASON, LORI J. ULCH, KENNETH C. LEIMKUEHLER, ROVACABLE LIVING TRUST, CONSTANCE LEIMKUEHLER, REVOCABLE LIVING TRUST, SALLY BLACK, HOLLY VROMAN, DAVID COHAIN, D.D.S., CYNTHIA COHAIN, YOSAIF COHAIN, ARIELLA COHAIN, LAURA HERZ, JAMIE CLARK, PATRICIA CLARK, BARBARA DEMUTH, JOHN HAYES, KATHARINE HAYES, JULIA C. HERTLEIN TRUST, FRANK MADONNA, FRED RONIS, HELEN SINGER, ANDREW WALD, ESTELLE WARD, JOANNA WALD, NORMAN WALD, SAMUEL WALD, CARMELINA PAGANO, ROSAMARIA PAGANO, MARIA PAGANO, ALLEGRA PAGANO, A MINOR, BY HER FATHER AND NATURAL GUARDIAN, ALESSANDRO PAGANO, NICCOLO PAGANO, A MINOR, BY HIS FATHER

AND NATURAL GUARDIAN ALESSANDRO PAGANO,

*Plaintiffs-Appellants*,

-v-                                                                    12-952-cv, 12-965-cv

HELEN W. REHWALDT,

*Non-Party-Appellant*,

-v.-

MAXINE EIMICKE, HEREFORD COLLECTION AND CREDIT
AGENCY, INC,. THE VICTOR W. AND MAXINE EIMICKE
FOUNDATION, SUED AS: VICTOR W. AND MAXINE
EIMICKE FOUNDATION,

*Defendants*,

LAURA KLIMLEY, JOHN PALERMO,

*Defendants-Appellees.*
_____

Appearing for Appellants:     Richard B. Reiling, Boston, Mass.

Appearing for Appellees:     Edward Spiro, Morvillo, Abramowitz, Grand, Iason, Anello &
                             Bohrer, P.C., New York, NY and Jack Babchik, Babchik & Young
                             LLP, White Plains, N.Y.

Appeal from the United States District Court for the Southern District of New York
(Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants seek review of the September 20, 2010 memorandum and order and
judgment on the pleadings of the United States District Court for the Southern District of New
York (Gardephe, *J*), granting Defendants-Appellees' motion to dismiss, and its August 30, 2011
order denying Plaintiffs-Appellants' motion to amend their respective complaints, in an action
alleging fraud under federal and state law.

On June 2, 2008 David Cohain and twenty three additional Plaintiffs-Appellants filed suit
against Defendants-Appellants Laura Klimley ("Klimley") and John Palermo ("Palermo") in the
United States District Court for the Southern District of New York (the "Cohain Action").  That
same day D. Kent Sissel and twenty additional Plaintiffs-Appellants filed suit against the same
Defendants in the United States District Court for the Southern District of Iowa (the "Sissel

Action"). In both actions, Plaintiffs-Appellants alleged that they purchased debentures issued by VWE Group, Inc. dba V.W. Eimicke Associates, Inc. ("VWE"), a New York company that has filed for bankruptcy. Appellants' claims were with regard to these purchases. Appellants claim that Klimley and Palermo, the "officers and directors" of VWE, were guilty of fraudulent sales in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934, as well as state law claims.

On March 16, 2009 the Sissel Action was transferred to the Southern District of New York. Klimley immediately moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) and 12(c). The district court in a 43-page opinion dismissed the complaints in their entirety. In its dismissal the district court also granted Appellants leave to amend their complaint by September 30, 2010, and subsequently extended the deadline. On October 14, 2010 Appellants filed motions for leave to file amended complaints, including new causes of actions. The district court denied the Appellants' motion for leave to amend, and considering the new claims dismissed them.

On appeal, Plaintiffs-Appellants first contend that the district court erred by dismissing the complaints in their entirety, when it found (1) the Securities Exchange Act claims were time-barred; (2) the RICO claims were pre-empted by Section 107 of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (3) the claims for fraudulent conveyance, breach of fiduciary duty, waste of corporate assets, self-dealing, and deepening insolvency belonged to the trustee in bankruptcy rather than to the noteholders; (4) the state law claims including those under Iowa's Blue Sky Law were improper because New York law governs their action, and (5) all remaining claims fail. Additionally, Plaintiffs-Appellants claim the district court incorrectly denied Appellants' motions for leave to amend for futility and delay. We presume the parties' familiarity with any further facts and procedural history of this case.

We review de novo a district court's grant of a motion to dismiss under Rules 12(b)(6) and 12(c), "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc*., 624 F.3d 106, 108 (2d Cir. 2010). We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). However, where the "denial is based on rulings of law, [this Court's] review is de novo." *Papelino v. Albany Coll. of Pharmacy of Union Univ*., 633 F.3d 81, 88 (2d Cir. 2011).

Appellants contend that the district court erred in dismissing their claims, under the Securities Exchange Act of 1934, as time barred. Appellants' Br. at 43. A complaint alleging a federal securities fraud claim is timely if filed no more than "2 years after the discovery of the facts constituting the violation" or 5 years after the violation. 28 U.S.C. § 1658(b). Relying on *Dodds v. Cigna Securities Inc.*, 12 F.3d 346 (2d Cir. 1993), and *Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406 (2d Cir. 2008), the district court held that VWE's June 2004 bankruptcy filing, which exposed the company's financial straits, yielded "storm warnings" of misconduct sufficient to place VWE note holders on "inquiry notice" of their § 10(b) claims. Because Plaintiffs-Appellants first asserted that these claims in June 2008—more than two years later—the district court held the claims time-barred.

In *Merck & Co. v. Reynolds*, 130 S. Ct. 1784 (2010), the Supreme Court ruled that § 10(b)'s "limitations period does not begin to run until . . . a reasonably diligent plaintiff would have discovered 'the facts constituting the violation,' including scienter," *id*. at 1798 (quoting 28 U.S.C. § 1658(b)). It observed that "terms such as 'inquiry notice' and 'storm warnings' may be useful to the extent" they connote the point in time when a reasonably diligent plaintiff would begin investigating the possibility of fraud. *Id.* Nevertheless, it is the point at which a violation is or would have been discovered that triggers the limitations period. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 152 (2d Cir. 2012) (describing *Merck* as "grounded explicitly on" § 1658(b), which ties limitations period to discovery of violation). The district court concluded that, with an exercise of reasonable diligence, the VWE's bankruptcy filing of June 1, 2004 and the action filed against Defendants-Appellees by Appellants' attorney in 2005 would have led to Plaintiffs-Appellants' actual knowledge of the violation. Accordingly, although we may affirm the district court's judgment, we need not decide whether VWE's bankruptcy filing and the state law *Pullins* complaint relayed facts sufficient to discover the scienter element of a § 10(b) violation. *See* 15 U.S.C. § 78u-4(b)(2)(A) (requiring private § 10(b) plaintiff allege "facts giving rise to a strong inference that the defendant acted with the required state of mind"). The claims here fail in any event because they are not pleaded with particularity. *See id.* § 78u-4(b)(1) (requiring private § 10(b) complaint "to specify each statement alleged to have been misleading"); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127-28 (2d Cir. 1994) (noting that § 10(b) claims are subject to Fed R. Civ. P. 9(b) particularity requirements).

Neither complaint at issue sets forth the content, speaker, or timing of any alleged misstatement. Much less does either assert that Klimley or Palmero discussed with any plaintiff the purchase or sale of any note. In fact, counsel for Plaintiffs-Appellants conceded at oral argument that no such discussions occurred. Moreover, insofar as they seek to predicate their federal securities claims on omissions, Plaintiffs-Appellants allege no facts that would support an obligation on the part of either defendant to disclose the information at issue. *Cf. Credite Agricole Indosuez v. Rossyskiy Kreditt Bank*, 94 N.Y.2d 541, 549, 708 N.Y.S.2d 26 (2000) (recognizing that insolvent corporation's officers are directors and may have fiduciary duty to existing creditors not to dissipate corporate assets). Absent any details about the alleged misstatements, or Klimley's or Palemero's involvement therewith, the § 10(b) claims were appropriately dismissed.

Appellants further contend that the district court erred in dismissing their "control person" liability claim under Section 15 of the Securities Act, and Section 20(a) of the Exchange Act. Each of these claims is predicated on a primary violation of securities law, which we have "already determined" to be properly dismissed. Because the primary securities claims were dismissed, these secondary claims must also be dismissed. *Rombach v. Chang*, 355 F.3d 164, 178 (2d Cir. 2004).

Appellants also assert that the district court erred in denying their RICO claims, because aiding and abetting is actionable under 18 U.S.C. § 1962. However, in the interim following the district court's dismissal of Plaintiffs' complaints, this Court squarely held that section 107 of the Private Securities Litigation Reform Act ("PSLRA"), 18 U.S.C. § 1964(c), bars civil RICO claims based upon alleged predicate acts of securities fraud, including aiding and abetting. *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 280 (2d Cir. 2011). Thus, on de novo review, we conclude the district court properly dismissed these claims.

4

Additionally, we conclude the district court correctly determined that Appellants' state law claims were governed by New York law. In this case, the Sissel Action was transferred to the Southern District of New York from Iowa pursuant to 28 U.S.C. § 1404(a). Under choice of law rules, the transferee court generally adheres to the choice of law rules of the transferor court. *See Van Dusen v. Barrack*, 376 U.S. 612 (1964). There is, however, an exception to the *Van Dusen* rule when the transferor court lacks personal jurisdiction over defendants. In such cases, the transferee court's choice-of-law principles govern. *Levy v. Pyramid Co. Of Ithaca*, 871 F.2d 9, 10 (2d Cir. 1989). Plaintiffs bear the burden of establishing that the court had jurisdiction. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).

In this case, Plaintiffs-Appellants failed to meet their burden and plead legally sufficient allegations of jurisdiction to make a prima facie showing of Iowa's jurisdiction over Defendants-Appellees. A federal court sitting in diversity may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and the Due Process Clause. *D.H. Blair & Co., v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Iowa's long-arm statute expands to the widest parameters allowed by due process. *Hammond v. Fla. Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005) (citing Iowa R. Civ. Proc. 1.306). Due process requires plaintiffs establish the requisite minimum contacts between a non-resident defendant and a forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotations omitted).

We conclude the district court properly found that Plaintiffs-Appellants failed to allege the requisite minimum contacts between Klimley and Palmero and the state of Iowa because although the complaint indicates that "misrepresentation and solicitation" were made to Plaintiffs in Iowa, it does not specify that those alleged acts were made by Klimley or Palermo. Additionally, the court correctly found New York has a significant interest in applying its own law where (1) the corporation at issue is a New York corporation, (2) the alleged conduct occurred at meetings held in New York, and (3) Appellees' alleged solicitations were conducted in New York and New Jersey. *See Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998). Accordingly, we affirm the district court's finding that New York law applies to Appellants' state law claims.

As to Appellants' final claim, we review a district court's denial of leave to amend a complaint for abuse of discretion. *See ATSI Commc'ns, Inc.*, 493 F.3d at 108. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks omitted).

In the present case, the original complaints were filed in June 2008. The proposed amended complaints were not submitted to the district court until October 14, 2010, with no explanation for delay or why the new causes of action were not asserted in the original complaint. On appeal, Plaintiffs-Appellants continue to offer no explanation for their delay in asserting the new claims. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (motions to amend should generally be denied where the movant shows "dilatory

motive").  Under these circumstances, the district court's denial of leave to amend was not made in error.

        We have considered Defendants-Appellants' remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe, Clerk