**Oscar PENNYFEATHER,**
**Plaintiff–Appellant,**

v.

**Rose TESSLER, Defendant–Appellee.**

**Docket No. 04–6149–CV.**

United States Court of Appeals,
Second Circuit.

Argued: Dec. 6, 2005.

Decided: Dec. 8, 2005.

Oscar Pennyfeather, pro se, Brooklyn, NY, for Plaintiff–Appellant.

Marta Ross, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), Office of the Corporation Counsel, New York City Law Department, New York, NY, for Defendant–Appellee.

Before: KEARSE and CABRANES, Circuit Judges, and BERMAN, District Judge.*

JOSÉ A. CABRANES, Circuit Judge.

Plaintiff *pro se* Oscar Pennyfeather appeals from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge*), dated September 17, 2004, in which the District Court adopted the Report and Recommendation of Magistrate Judge Lois Bloom and dismissed plaintiff's complaint in its entirety. Plaintiff's complaint, filed in February 2003, alleged that defendant Rose Tessler, the Director of Employment for the New York City Department of Health ("Department of Health"), unlawfully disclosed plaintiff's name, address, work schedule, and social security number during an employment hearing held before the Department of Health, in violation of 42 U.S.C. § 1983 and the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a. In the complaint and attached documents, plaintiff alleged that, at a "Step II" employment hearing conducted on February 5, 2002, defendant Tessler presented certain unidentified personnel records that she had obtained, without plaintiff's consent, from the New York City Transit Authority ("Transit Authority") in an apparent effort to prove that plaintiff had "two jobs" with the Department of Health and the Transit Authority. *See Pennyfeather v. Tessler,* No. 03 Civ. 955, Report and Recommendation, at 1 (E.D.N.Y. May 25, 2004). Plaintiff maintained that these actions constituted "an invasion of privacy," and he sought $3 million in damages for the allegedly resulting "emotional distress," "deprivation of human rights," "deprivation of civil rights,"

and "psychological distress." Notice of Claim ¶¶ 2, 4.

In a thoughtful and comprehensive Report and Recommendation, Magistrate Judge Lois Bloom recommended that plaintiff's complaint be dismissed in its entirety. *See Pennyfeather v. Tessler,* No. 03 Civ. 955, Report and Recommendation (E.D.N.Y. May 25, 2004). Magistrate Judge Bloom concluded, first, that plaintiff did not have a private right of action to sue for the disclosure of his personal identifying information under either the Privacy Act or the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, because those statutes apply only to agencies of the federal government, rather than to state or municipal agencies and their officials or employees. *See id.* at 3 ("The New York City Department of Health is an agency of the city government and not an agency of the federal government. As such, plaintiff has no private right of action under FOIA or the federal Privacy Act against defendant Tessler, who is an employee of the New York City Department of Health."). Second, Magistrate Judge Bloom concluded that plaintiff had failed to state a claim under 42 U.S.C. § 1983 for a violation of his privacy rights because "the [constitutional] right to privacy does not protect public employees from disclosure of information that is ... related to their employment, indicative of a potential conflict of interest, or ... not 'highly personal.'" *See id.* at 4 (quoting *Barry v. City of New York,* 712 F.2d 1554, 1562 (2d Cir.1983)). Third, the Magistrate Judge rejected plaintiff's claim that Tessler had violated the Department of Health's .own rules or policies by obtaining documents related to plaintiff's employment at the Transit Authority without his consent, noting that the

---

* The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

disclosure of any information obtained in this manner "does not implicate plaintiff's rights under the Constitution or federal law" and thus is not cognizable under § 1983. *See id.* at 5.

 We agree with Magistrate Judge Bloom's careful analysis, which was adopted in full by the District Court, and conclude that "[u]nder FOIA"—and accordingly, under the Privacy Act as well[1] —"there is no private right of action against" an official or employee of a municipal or state, rather than a federal, agency. *See id.* at 3; *see also Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir.1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies."); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir.1985) ("The civil remedy provisions of the [Privacy Act] do not apply against private individuals, state agencies, private entities, or state and local officials.") (citations omitted). Likewise, we conclude that plaintiff has failed to state a viable claim under 42 U.S.C. § 1983 for a violation of his privacy rights because, even if defendant obtained plaintiff's employment records in violation of the Department of Health's rules or policies, the information disclosed here—

specifically, plaintiff's name, address, work schedule, and social security number— "was not highly personal, was related to public employment, and was presented during plaintiff's own employment hearing." *See Pennyfeather v. Tessler*, Report and Recommendation, at 5; *see also Barry*, 712 F.2d at 1562 ("We do not think that the right to privacy protects public employees from the release of financial information that is related to their employment or .... that is not highly personal ....") (internal quotation marks omitted); *McElrath v. Califano*, 615 F.2d 434, 441 (7th Cir.1980) ("[T]he contention that disclosure of one's social security account number violates the right to privacy has been consistently rejected ...."). The District Court, therefore, did not err in dismissing plaintiff's complaint.

\*　　\*　　\*　　\*　　\*　　\*

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.

---

1. Because the Privacy Act incorporates by reference the definition of an "agency" provided by FOIA, *see* 5 U.S.C. § 552a(a)(1) ("For purposes of this section ... the term 'agency' means agency as defined in section 552(e) of this title ...."), Magistrate Judge Bloom was correct in stating that "[t]he Privacy Act applies to agencies as defined by the Freedom of Information Act." *See Pennyfeather v. Tessler*, Report and Recommendation, at 2. We note, however, that § 552a(a)(1) of the Privacy Act incorrectly cross-references 5 U.S.C. § 552(e) of FOIA, which was renumbered to 5 U.S.C. § 552(f) in 1986. *See* Freedom of Information Reform Act of 1986, Pub.L. No. 99–570, § 1802(b), 100 Stat. 3207–48, 3207–49. The current version of § 552(f) defines an "agency" for purposes of FOIA, 5 U.S.C. § 552, and in turn incorporates the "agency" definition found in the

Administrative Procedure Act ("APA"), 5 U.S.C. § 551(1). By their express terms, both FOIA and the APA apply only to federal government agencies; the provisions of the Privacy Act at issue here, therefore, are similarly limited. *See* 5 U.S.C. § 552(f) ("For purposes of this section, the term ... 'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency ...."); 5 U.S.C. § 551(1) (stating that "'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency," subject to certain specified exceptions not relevant here).