# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1917

_____

| | | |
|---|---|---|
| Johnny Spurlock, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Ashley County Arkansas, a subordinate | * | |
| political entity in the State of AR; | * | |
| James Robinson, Sheriff in his | * | |
| individual and official capacities; | * | |
| Homer McDougle, in his individual and | * | |
| official capacities, | * | |
| | * | Appeal from the United States |
| Appellees, | * | District Court for the |
| | * | Western District of Arkansas. |
| C. V. Christmas, in his individual & | * | |
| official capacities, | * | [UNPUBLISHED] |
| | * | |
| Defendant, | * | |
| | * | |
| Huey Singley, in his individual & | * | |
| official capacities; Iliene Waltmen, in | * | |
| her individual & official capacities; | * | |
| John Does, employees, agents, | * | |
| supervisors, and/or policy makers of | * | |
| Ashley County in their individual & | * | |
| official capacities, | * | |
| | * | |
| Appellees, | * | |
| | * | |

Don White, in his individual and          *
official capacity,                        *
                                          *
          Defendant,                      *
                                          *
Estate of C. V. Christmas; Estate of      *
Don White,                                *
                                          *
          Appellees.                      *

                          _____

                    Submitted: June 6, 2008
                       Filed: June 13, 2008
                          _____

Before BYE, SMITH, and BENTON, Circuit Judges.
                          _____

PER CURIAM.

     Johnny Spurlock challenges the district court's[1] adverse grant of summary judgment in his civil rights action. On appeal, he argues that (1) the district court erred in concluding the disclosure of his social security number did not implicate his fundamental right to privacy; (2) he stated a claim under the Privacy Act because an uncodified section of that act specifically applies to both state and local agencies; (3) the district court failed to rule on his claim under the Code of Federal Regulations (CFR); and (4) the court erred in dismissing his state-law claims. After de novo review, *see Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1152 (8th Cir. 2007), we affirm.

_____

     [1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

We conclude that, under the undisputed facts of this case, the disclosure of Spurlock's social security number did not violate his constitutional right to privacy. *Cf. Cassano v. Carb*, 436 F.3d 74, 74-75 (2d Cir. 2006) (per curiam) (employee who alleged that employer violated constitutional right to privacy by firing her after she refused to provide social security number failed to state claim; Constitution does not provide right to privacy in one's social security number); *Eagle v. Morgan*, 88 F.3d 620, 624-27 (8th Cir. 1996) (public disclosure of expunged criminal history did not violate constitutional right to privacy; constitutional protection against public dissemination of information is limited and extends only to highly personal matters representing most intimate aspects of human affairs); *McElrath v. Califano*, 615 F.2d 434, 441 (7th Cir. 1980) (social security number disclosure requirement for welfare benefits did not violate constitutional right to privacy; contention that disclosure of one's social security account number violates right to privacy has been consistently rejected); *Pontbriand v. Sundlun*, 699 A.2d 856, 870 n.21 (R.I. 1997) (disagreeing with notion that possible consequences of misuse of social security numbers impinges on or would restrict exercise of fundamental rights so as to make their release matter of substantive constitutional import).

We also conclude that Spurlock failed to state a claim under the Privacy Act. *See Pennyfeather v. Tessler*, 431 F.3d 54, 56 & n.1 (2d Cir. 2005) (concluding that there is no private right of action under Privacy Act against official or employee of municipal or state agency); *Schmitt v. City of Detroit*, 395 F.3d 327, 329-31 (6th Cir. 2005) (holding that Privacy Act applies exclusively to federal agencies); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) (private right of action created by Privacy Act is specifically limited to actions against federal agencies); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983) (Privacy Act applies only to federal agencies).

We disagree with Spurlock's assertion that the district court failed to rule on his claim under the CFR, because its judgments stated that the "federal claims" were

dismissed with prejudice. To the extent Spurlock challenges the district court's dismissal of his claim under the CFR, we believe that dismissal was proper. *See* 28 C.F.R. § 20.20(c) ("Nothing in these regulations prevents a criminal justice agency from disclosing to the public criminal history record information related to the offense for which an individual is currently within the criminal justice system.").

Finally, we hold that the district court did not err in dismissing without prejudice Spurlock's state-law claims. *See Labickas v. Ark. State Univ.*, 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam) (following dismissal of federal claims, district court may dismiss state-law claims without prejudice).

The judgments of the district court are affirmed.

_____