**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3320
_____

JACQUELYN B. N'JAI,
                                        Appellant

v.

PIITSBURGH BOARD OF PUBLIC EDUCATION; IMANI CHRISTIAN ACADEMY;
NAACP; ATTORNEY MILTON  RAIFORD, JR.; MARILYN BARNETT; SHERICE
COLES; MAISHA JOHNSON; JASON WASHINGTON; DERRICK TURNER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 10-cv-01323)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012

Before:  CHAGARES, VANASKIE and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 6, 2012)
_____

OPINION
_____

PER CURIAM

        Jacquelyn B. N'Jai, proceeding pro se, appeals an order of the United States

District Court for the Western District of Pennsylvania dismissing her complaint brought

against the Pittsburgh Board of Public Education ("the Board").[1] We will affirm the judgment of the District Court.

In 2001, N'Jai was terminated from her employment as a teacher for the Board. She applied for and was granted retirement benefits from the Public School Employees' Retirement System ("PSERS"). Those benefits were deposited directly into N'Jai's bank account. On several occasions between 2007 and 2010, PSERS's attempts to contact N'Jai by mail were returned as undeliverable. Because PSERS believed that it did not have N'Jai's correct mailing address, it withheld two direct deposit payments. When N'Jai discovered that the payments had been withheld, she contacted PSERS and provided her current address. Thereafter, the withheld payments were deposited into N'Jai's bank account.

In her amended complaint, N'Jai claimed that the Board repeatedly provided PSERS with her incorrect mailing address information. She alleged that this action violated her rights under the Privacy Act, 5 U.S.C. §552a, and caused an intentional infliction of emotional distress. During the proceedings in the District Court, N'Jai requested that Judge Nora Barry Fischer recuse herself. N'Jai's request was based on complaints that Judge Fischer had ruled against her in a previous case and that a deputy in Judge Fischer's chambers had improper ex parte contact with the NAACP's attorney

---

[1] N'Jai also named as defendants the NAACP and the Imani Christian Academy, as well as several of the Academy's employees. Following mediation, those defendants were dismissed with prejudice pursuant to a stipulation. See Fed. R. Civ. P. 41(a)(1)(A)(ii). N'Jai does not challenge this dismissal on appeal.

concerning the status of a responsive pleading. Judge Fischer denied the request, explaining on the record that N'Jai had prior opportunities to seek recusal, that she had failed to adequately support the request with an affidavit, and that the allegedly improper communication between chambers and counsel was "routine practice in this courthouse." Although Judge Fischer denied the request without prejudice to N'Jai filing a recusal motion and supporting affidavit, she failed to do so.

The Board filed a motion to dismiss, which the District Court granted. The District Court dismissed the Privacy Act claims with prejudice, holding that the Act applies only to federal agencies, not to political subdivisions of Pennsylvania, such as the Board. With respect to N'Jai's intentional infliction of emotional distress claim, the District Court held that the Board was immune from liability under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541, that its alleged conduct in providing an incorrect address to PSERS was not "outrageous," and that N'Jai did not suffer any physical harm. [2] The District Court further concluded that granting leave to amend the complaint would be futile. N'Jai appealed.

_____

[2] The District Court stated that it dismissed the intentional infliction of emotional distress claim without prejudice to N'Jai pursuing that claim in state court, "as this Court declines to retain jurisdiction . . . ." To the extent that N'Jai challenges this determination, we conclude that the District Court acted within its discretion. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 174 (3d Cir. 2009) ("A district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review is plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To survive a motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). We review the District Judge's decision not to recuse for abuse of discretion. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

The District Court properly dismissed N'Jai's Privacy Act claim. Congress enacted the Privacy Act "to protect the privacy of individuals identified in government information systems by regulating the collection, maintenance, use and dissemination of personal information and prohibiting unnecessary and excessive exchange of such information within the government and to outside individuals." Cochran v. United States, 770 F.2d 949, 954 (11th Cir. 1985). The Privacy Act also created private causes of action. 5 U.S.C. § 552a(g)(1). Importantly, however, there is no private cause of action under the Privacy Act against a municipal or state agency. Pennyfeather v. Tessler, 431 F.3d 54, 56 & n.1 (2d Cir. 2005) (recognizing that Privacy Act, by incorporating definitions of "agency" found in Freedom of Information Act and Administrative Procedures Act, "applies only to federal government agencies"). Therefore, we conclude that the District Court properly dismissed N'Jai's Privacy Act claims against the Board.

4

In addition, N'Jai did not state a claim for intentional infliction of emotional distress. Such a claim requires, "at the least, [a demonstration of] intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff." Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005). Moreover, "a plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct." Id.; see also Reedy v. Evanson, 615 F.3d 197, 231 (3d Cir. 2010) (discussing the state of the law in Pennsylvania regarding intentional infliction of emotional distress claims). Here, N'Jai alleged that the Board provided incorrect address information to PSERS, resulting in two delayed retirement benefit payments. While this conduct may have resulted in an inconvenience to N'Jai, it is simply not sufficiently outrageous to sustain a claim of intentional infliction of emotional distress. Clark v. Twp. of Falls, 890 F.2d 611, 623 (3d Cir. 1989) (noting that "courts have found intentional infliction of emotional distress only where the conduct at issue has been atrocious and utterly intolerable in a civilized community." (internal quotation marks omitted)); cf. Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) (holding that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.").

Finally, we conclude that the District Court did not abuse its discretion in denying N'Jai's request for recusal. Under 28 U.S.C. § 144, a judge must recuse if a party files a "sufficient affidavit" establishing that the judge has a personal bias or prejudice against

5

the party seeking recusal, or in favor of the adverse party. 28 U.S.C. § 144; see also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). A judge must also recuse where the judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A party seeking recusal need not demonstrate that the judge is actually biased, but rather that she would appear to be biased to "a reasonable person, with knowledge of all the facts." United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007) (quoting In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003)). N'Jai alleged that Judge Fischer was biased because she had ruled against her in a previous case. We have held, however, that an unfavorable ruling is not a basis for recusal. Securacomm Consulting, Inc., 224 F.3d at 278. In addition, recusal was not warranted based on the inquiry from a deputy in Judge Fischer's chambers to an attorney for the NAACP regarding the status of a pleading. Cf. In re Kensington Int'l. Ltd., 368 F.3d 289, 305 (3d Cir. 2004) ("We do not hold that *ex parte* communications alone−in the absence of any conflict of interest−require recusal."). We also agree that N'Jai's allegations of bias, made several months after Judge Fischer was assigned to the case and presented without a supporting affidavit, failed to satisfy the requisite procedural requirements. United States v. Rosenberg, 806 F.2d 1169, 1173 (3d Cir. 1986) (holding that a recusal motion under § 144 "must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice

6

towards [the movant].").  Therefore, after careful review of the record, we conclude that there was no abuse of discretion in the denial of N'Jai's request for recusal.

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[3] N'Jai's Motion to Exceed Page/Word Limitations is granted in light of the recency of our Standing Order of January 9, 2012.  The Clerk is directed to provide a copy of that order to N'Jai.