**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3254, 22-3327 and 23-1187
_____

GREGORY I. EZEANI,
                        Appellant

v.

BRIDGETT KELLY, Union County College Human Resources Division
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-06164)
District Judge:  Honorable Brian R. Martinotti
_____

GREGORY I. EZEANI,
                        Appellant

v.

JEFFREY S. MCCLAIN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-06163)
District Judge:  Honorable Brian R. Martinotti
_____

GREGORY I. EZEANI,
                        Appellant

v.

WILLIAM ANDERSON, Warden, Essex County Corrections;

CFG HEALTH SYSTEMS LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-21-cv-06759)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 3, 2023
Before:  JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 3, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

In these consolidated cases, pro se litigant Gregory Ezeani appeals from orders

entered by the District Court in three different actions:  the District Court's dismissal of

his action against William Anderson due to his failure to comply with Court orders (the

<u>Anderson</u> action); the District Court's dismissal of his complaint raising claims against

Bridgett Kelly (the <u>Kelly</u> action); and the District Court's dismissal of his complaint

raising claims against Jeffrey McClain (the <u>McClain</u> action).  For the reasons that follow,

we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Each of Ezeani's complaints raised claims under 42 U.S.C. § 1983. First, in March 2021, Ezeani filed a complaint against Anderson, the Warden of Essex County Correctional Facility. In that complaint, Ezeani argued that he was inadequately treated for diabetes during his ten-month detention in Immigration and Customs Enforcement (ICE) custody. During protracted discovery proceedings that spanned approximately fourteen months, Ezeani failed to comply with various discovery obligations, discussed in greater detail below. Eventually, the Magistrate Judge recommended dismissing Ezeani's action against Anderson with prejudice for failure to adhere to his discovery obligations in violation of Fed. R. Civ. P. 37(b), and failure to comply with rules and court orders in violation of Fed. R. Civ. P. 41(b). In January 2023, after conducting a thorough Poulis[1] analysis, the District Court adopted the Magistrate Judge's report and recommendation and dismissed Ezeani's action against Anderson with prejudice.

In October 2022, while the Anderson action remained ongoing, Ezeani initiated two more civil actions: one against Kelly, an employee of Union County College's Human Resources Department (where Ezeani was previously employed), and another against McClain, an attorney who represented a defendant in the Anderson action. Ezeani alleged that McClain had improperly subpoenaed his employment records – and Kelly had improperly disclosed them – in the Anderson action without obtaining his consent, which violated his due process rights.

---

[1] Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868-70 (3d Cir. 1984).

The District Court sua sponte dismissed the complaints against Kelly and Anderson, explaining that Ezeani had failed to state a claim under § 1983 but that, if he wished, he could raise the claims as discovery issues in the Anderson action. Ezeani timely appealed from each order dismissing his complaint.[2]

## II.

We have jurisdiction to consider the dismissal of each complaint under 28 U.S.C. § 1291. We review the District Court's dismissal of the Anderson complaint under Rules 37 and 41 for an abuse of discretion. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988) (Rule 37); Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008) (Rule 41). We exercise plenary review over the District Court's sua sponte dismissals of the Kelly and McClain complaints under 28 U.S.C. § 1915(e)(2). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). Because Ezeani is pro se, we liberally construe his filings. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may affirm a District Court's ruling on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Beginning with the dismissal of the Anderson action, we discern no abuse of discretion in the District Court's ruling. As the District Court explained, dismissal was warranted because Ezeani had failed to prosecute his case, failed to comply with Court orders, and stated that he would continue to disobey orders in the future. More

---

[2]  As to the McClain action, we treat Ezeani's motion for leave to appeal in forma pauperis as a notice of appeal. See 3d Cir. L.A.R. 3.4.

4

specifically, Ezeani refused to answer material questions the first two times that the defendants attempted to depose him. The District Court then ordered that Ezeani shall "appear for a third deposition via Zoom on or before December 15, 2022, and shall completely and adequately respond to the questions propounded." ECF No. 146 at 3. Ezeani then "file[d] a motion to inform the court and the defendant that the plaintiff will not honor any third deposition because it is organized crime that violates due process." ECF No. 149 at 1. He also filed a letter "to reject[] Honorable Judge Martinotti opinion that direct[s] the plaintiff to abide by all court orders." ECF No. 151. In addition to these instances of recalcitrance, Ezeani repeatedly refused to attend status conferences. See ECF Nos. 128 & 134.

In addressing the Poulis[3] factors, the Court correctly noted that, because Ezeani was proceeding pro se, he bore primary responsibility for failing to comply with his obligations. The District Court also accurately noted that Ezeani's conduct prevented the defendants from adequately defending themselves from suit and prevented the District Court itself from meaningfully addressing the merits of Ezeani's action. Further, as described above, Ezeani had a history of refusing to comply with court orders.

---

[3] In assessing the Rule 37 dismissal, we apply the factors set out in Poulis. Those factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. 747 F.2d at 868-70. Not all factors need to be satisfied for the District Court to dismiss a complaint. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). While we recognize that the sanction of dismissal is extreme and should be reserved for cases where it is "justly merited," our standard of review is deferential. Id. at 221-22 (quotations and citation omitted).

Moreover, Ezeani had been expressly warned that failing to comply with such obligations risked Rule 37 dismissal, see ECF No. 146 at 3, but nevertheless refused to comply. There was thus no reason to believe that a lesser form of sanction would alter his behavior. Under these circumstances, the District Court did not abuse its discretion in dismissing the action under Rule 37 and 41.[4]

We also agree with the District Court's orders dismissing the Kelly and McClain[5] complaints. As to McClain, the District Court correctly noted that McClain – a private attorney – was not a state actor for purposes of a § 1983 action. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277-78 (3d Cir. 1999) ("Attorneys performing their

---

[4] In his opening brief, Ezeani argues that he did not consent to the Magistrate Judge's jurisdiction. See C.A. No. 23-1187, ECF No. 13 at 21. The District Court was authorized to refer the matter to the Magistrate Judge for pretrial determinations and proposed recommendations for disposition under 28 U.S.C. § 636(a). For that reason, Ezeani's consent was unnecessary. Ezeani also argues that Magistrate Judge Almonte should have been recused because he previously worked as an Assistant United States Attorney and thus could not preside over a case involving detention in ICE custody. See C.A. No. 23-1187, ECF No. 13 at 27. Given that there is no indication that Magistrate Judge Almonte had any responsibility for Ezeani's case (or any related case), we disagree. See United States v. Di Pasquale, 864 F.2d 271, 279 (3d Cir. 1988) ("[A]bsent a *specific* showing that that judge was previously involved with a case while in the U.S. Attorney's office that he or she is later assigned to preside over as a judge, § 455(b)(3) does not mandate recusal."); Edelstein v. Wilentz, 812 F.2d 128, 130-31 (3d Cir. 1987). Insofar as Ezeani's recusal requests flow from his dissatisfaction with the Magistrate Judge's or District Court's rulings, that is not an adequate basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994).

[5] In the McClain action, the District Court entered a single order dismissing Ezeani's claims on the merits and denying his motion to proceed in forma pauperis. We understand the decision to turn on the former ground, and focus on the merits decision. See generally Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) (en banc) (holding that courts may assess the merits of a case and an application to proceed in forma pauperis in either order).

traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). And, as to Kelly and McClain, we agree with the District Court's ruling that Ezeani failed to state a claim for relief. In his complaints, Ezeani alleged that the disclosure of his employment records without his consent violated his constitutional privacy rights. In support, he attached the at-issue documents, which included his pay stubs, resume and cover letter, academic transcripts, and a form bearing his name and signature authorizing Union County to furnish Ezeani's medical records and "any and all information [Union County] may have regarding . . . Ezeani," to McClain's law firm.[6] See Ezeani v. Kelly, Civ. No. 2-22-cv-06164, ECF No. 1-6. Under these circumstances – where the disclosed information does not appear to be highly personal in nature and, especially, where the aggrieved party has signed a form authorizing the release of all information – we are satisfied that no constitutional violation has occurred. See Pennyfeather v. Tessler, 431 F.3d 54, 56 (2d Cir. 2005) (plaintiff failed to state a claim for a constitutional privacy violation because the disclosed information (employee's name, address, work schedule, and social security number) was not highly personal); see generally United States v. Miller, 425 U.S. 435, 444 (1976) (recognizing "the general rule that the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant").

Accordingly, we will affirm the District Court's judgments.[7]

---

[6] We may consider the exhibits attached to Ezeani's complaint. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

[7] Kelly's motion to supplement the appendix is granted. See C.A. No. 22-3254 at ECF

No. 12. Ezeani's motions for "summary action and summary judgment," summary judgment, and for a second default judgment are denied. <u>See</u> C.A. No. 22-3254 at ECF No. 16; C.A. No. 22-3327 at ECF Nos. 14 & 15.